UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>   Petitioner,<br><br>   v.<br><br>KERN COUNTY SHERIFFS,<br><br>   Respondents. | Case No.: 1:16-cv-01245-AWI-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION (Doc. 1)<br><br>[TWENTY-ONE DAY DEADLINE] |

Petitioner states he is serving an unspecified sentence on a conviction for intimidation and stalking. However, he does not challenge his conviction. Rather, he challenges the conditions of his pretrial detention. Because the Court is without jurisdiction to consider his claims in a habeas corpus action, the Court will recommend that the petition be dismissed.

**I.   DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

(9th Cir. 1991), see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").  However, a civil rights action pursuant to 42 U.S.C. §1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991).

In this case, Petitioner does not challenge his underlying conviction.  Instead he challenges the conditions of his confinement while he was a pretrial detainee in custody of the Kern County Sheriff's Department at the Kern County Jail.  He complains of harassment by Kern County Sheriff Deputy Theodore King.  He alleges he was labeled an informant, a mafia member, and a gang member.  He complains that his cell was searched, he was moved to administrative segregation, and he was constantly watched and questioned.  As a result, he was put in harm's way and sexually assaulted by female sheriff deputy C. Chapa.  He claims the sexual assault constituted deliberate indifference.  He requests that the Kern County detention deputies be investigated and held accountable for their actions.

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement.  No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Petitioner notes that he already has a pending civil rights action concerning these very claims in this Court in case no. 1:15-cv-01697-AWI-MJS-PC.  Petitioner is advised that he must seek relief for his claims in that case.

## II.     RECOMMENDATION

Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1 | Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
2 | 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive
3 | the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 | IT IS SO ORDERED.

6 |    Dated:   **September 12, 2016**                    **/s/ Jennifer L. Thurston**
7 |                                                                UNITED STATES MAGISTRATE JUDGE